On motion to dismiss, decided February 13, 1912.

## GARDNER *v.* PACIFIC & E. RY.

[121 Pac. 6.]

APPEAL AND ERROR—TIME FOR TAKING—COMMENCEMENT OF PERIOD OF LIMITATION.

At a trial had on May 18th a verdict was rendered for plaintiff; but judgment though granted on the 18th, was not in fact entered by the clerk until May 25th. On September 9th defendant filed a notice of appeal and undertaking. On September 12th the court on plaintiff's motion, ordered that the judgment in the action be entered *nunc pro tunc* as of May 18th. On November 1st defendant filed a second notice of appeal, and on November 6th filed the transcript on appeal. *Held,* that the appeal should be dismissed, on the ground that the transcript was not filed within 30 days after the appeal was taken, since the *nunc pro tunc* order did not create a new judgment from which an appeal could be taken, but merely made the original judgment effective as of May 18th.

From Jackson: FRANK M. CALKINS, Judge.

### ON MOTION TO DISMISS.

Statement by MR. JUSTICE MCBRIDE.

This is an action by Myrtle Gardner, administratrix of Walter C. Gardner, deceased, against the Pacific & Eastern Railway, to recover for the death of Walter C. Gardner in a railway accident.

A jury trial was had on May 18, 1911. The jury returned a verdict against defendant for $7,500. On the succeeding day an order was issued staying execution until 10 days from the entry of judgment; but the judgment was not entered on the verdict until May 25th. On May 29th defendant filed a motion for a new trial, and on September 9, 1911, served and filed a notice of appeal and undertaking thereon. On the 12th of September, 1911, the court, on motion of plaintiff, made the following order:

"Comes now the plaintiff, and moves the court for an order entering the judgment heretofore entered herein as of the date on which the same was granted. And it appearing to the court that on the return and

filing of the verdict of the jury herein on the 18th day of May, 1911, the plaintiff moved for and was granted a judgment against the defendant on said verdict for the sum of $7,500 and the costs to be taxed; and it further appearing to the court that the clerk was unable to, and did then omit, to enter said judgment, but that he entered the same on the 25th day of May, 1911, in accordance with said verdict and for costs; and it further appearing to the court that the plaintiff is clearly entitled to have said judgment entered of record as of the date on which it was granted and ordered: It is therefore ordered that the judgment as heretofore entered herein on the 25th day of May, 1911, in favor of the plaintiff and against the defendant, for the sum of $7,500 and the costs of action, taxed at $540.40, be and the same hereby is entered *nunc pro tunc* as of the 18th day of May, 1911, and that as of that date the plaintiff have judgment against the defendant for said sum of $7,500 and the costs and disbursements, taxed at $540.40."

On November 1, 1911, the defendant served and filed a notice of appeal, which is as follows:

"Please take notice that the above-named defendant, Pacific & Eastern Railway, a corporation, hereby appeals to the Supreme Court of the State of Oregon from the judgment made and entered against it in the above-entitled action in said circuit court in favor of the plaintiff and against the defendant on the 18th day of May, A. D. 1911, and from each and every part thereof"—and filed an undertaking on appeal.

No bill of exceptions was ever filed, and no extention of time in which to file a transcript was ever granted, nor was the judgment of May 25th re-entered upon the journal. The transcript on appeal was filed in this court November 6, 1911. Plaintiff moves to dismiss the appeal, for the reason that the transcript was not filed in this court within 30 days after the first appeal was perfected, as required by Section 554, L. O. L.

MOTION ALLOWED.

*Mr. Allen E. Reames* for the motion.

*Messrs. Smith & Beckwith, contra.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

The scope of the *nunc pro tunc* order is not clear. As no objection had been made to the entry of May 25th, and a motion for new trial had been subsequently filed, it is clear that the *nunc pro tunc* order was unnecessary, and no new judgment was ever entered. Nor was the judgment of May 28th vacated. The intent seems to have been, not to enter a new judgment, but to make an order which would have the effect to make the judgment already entered take effect and be in force from May 18th. There is only one judgment here, and that is the one entered on May 25th, and defendant's right to appeal from that was lost by failure to file its transcript within 30 days after the appeal was perfected.

The appeal is dismissed.          DISMISSED.